UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMANJEET KAUR,

                Petitioner,

    v.

JULIO HERNANDEZ, *et al.*,

                Respondents.

Case No. C26-1914-MLP

ORDER

Petitioner Ramanjeet Kaur is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. On June 2, 2026, through counsel, she filed the present petition for writ of habeas corpus under 28 U.S.C. § 2241 (dkt. # 1), supported by the sworn declaration of her counsel, Olia M. Catala (dkt. # 1-3). Respondents filed a return (dkt. # 6), supported by the sworn declarations of ICE Deportation Officer Harold Britt, Jr. (dkt. # 7), and Respondents' counsel, Alixandria K. Morris (dkt. # 8). Petitioner filed a traverse. (Dkt. # 9.) At the Court's request, the parties filed supplemental briefing on the foreseeability of Petitioner's removal. (Dkt. ## 10-12.) Having considered the

ORDER - 1

parties' submissions and the governing law, the Court DENIES the petition (dkt. # 1) without prejudice.[1]

### I.      BACKGROUND

On August 4, 2014, Petitioner applied for admission to enter the United States at the DeConcini Port of Entry in Nogales, Arizona. (Dkt. # 1 at 2; Morris Decl., Ex. 1 at 5.) She was processed for expedited removal under 8 U.S.C. § 1225(b)(1). (Morris Decl., Ex. 1 at 5.) On August 8, 2014, Petitioner was referred for a credible fear interview with United States Citizenship and Immigration Services ("USCIS"), which determined that she had a credible fear of return to India. (Dkt. # 6 at 5-6; Britt Decl., ¶¶ 6-7; Catala Decl., Ex. A, ¶¶ 7-8.) Around August 18, 2014, Petitioner was issued a Notice to Appear charging her as removable and placed in immigration court proceedings in Arizona. (*See* Britt Decl., ¶ 8; Morris Decl., Ex. 1 at 2.) On December 9, 2014, Petitioner filed an application for relief, and was orally advised of her merits hearing on April 16, 2015. (Morris Decl., Ex. 1 at 10, 14.)

On March 11, 2015, an immigration judge ("IJ") held a bond hearing, and Petitioner was released the next day after posting bond. (Britt Decl., ¶ 9.) She then moved to Washington. (Dkt. # 1 at 2.) She is the single mother and sole caregiver to two United States citizen children, ages four and nine. (*Id.*)

Petitioner, through counsel, filed a motion for change of venue of her immigration court proceedings on March 26, 2015, which was denied on April 2, 2015. (Britt Decl., ¶ 10.) On April 16, 2015, Petitioner—as well as her counsel—did not appear for her merits hearing, and she was ordered removed to India *in absentia*. (*Id*, ¶ 11; Morris Decl., Ex. 1 at 9-15.) Petitioner contends prior counsel failed to notify her that the motion had been denied, leading to her failure to appear

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 2

and the *in absentia* removal order. (Dkt. # 1 at 2, 13.) Petitioner's prior counsel unsuccessfully challenged the removal order before the Board of Immigration Appeals ("BIA") and the Ninth Circuit. (Britt Decl., ¶¶ 12-16, 19-23.)

On July 12, 2018, Petitioner was issued an Order of Supervision ("OSUP"). (Dkt. # 1 at 2; Morris Decl., Ex. 1 at 16.) She states she complied fully with its terms. (Dkt. # 1 at 2, 6.)

On February 27, 2026, Petitioner reported to the Seattle field office in compliance with her OSUP and was detained because her "case is now final and there are currently no impediments to her removal to India[.]" (Morris Decl., Ex. 1 at 7.) A removal flight to India was scheduled "in the month of March 2026." (Britt Decl., ¶ 26.)

On March 17, 2026, Petitioner filed for an emergency stay before the BIA. (Britt Decl., ¶ 27.) The same day, Petitioner filed her first petition for writ of habeas corpus under 28 U.S.C. § 2241, "seeking an injunction prohibiting Respondents from transferring Petitioner to a detention facility outside of the Western District of Washington." *Kaur v. Hermosillo*, 2026 WL 1146077, at *1 (W.D. Wash. Apr. 28, 2026). The Court denied the petition on April 28, 2026, because Petitioner's claims were "not cognizable in habeas[.]" *Id.* at *5-6.

On March 18, 2026, the Indian Embassy issued Petitioner a passport for return to India that is valid until September 17, 2026. (Britt Decl., ¶ 29; Morris Decl., Ex. 2.)

On March 23, 2026, the BIA granted Petitioner's request for a stay of removal while her motion to reopen was pending. (Catala Decl., Ex. D.)

On June 2, 2026, Petitioner filed the current petition. (Dkt. # 1.)

## II.    DISCUSSION

Petitioner contends her redetention after nearly eleven years of discretionary release, without notice or a hearing, violated her Fifth Amendment Due Process rights and applicable

ORDER - 3

regulations. (Dkt. # 1 at 6-10, 14.) She further argues that, because her removal is not reasonably foreseeable due to the BIA's stay, her detention pursuant to 8 U.S.C. § 1231(a)(6) has become indefinite in violation of *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). (*Id.* at 10-12.)

Respondents contend Petitioner is lawfully detained under 8 U.S.C. § 1231 and that her removal is reasonably foreseeable because ICE possesses a valid travel document issued by India. (Dkt. # 6 at 1-2.) Respondents further contend that the abuse of the writ doctrine precludes Petitioner's challenge to revocation of the OSUP, but acknowledge that claims challenging her current detention are not barred. (*Id.* at 2, 10-11.)

### A.    Due Process

Even if the Court finds in favor of Petitioner on her due process claim, habeas relief is only available if there is no lawful basis for her current detention. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when [respondents establish] a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026); *see also Fernandez v. Scott*, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026) ("Because the basis for [petitioner's] detention has changed since he filed his petition, his claims of wrongful detention under Section 1226(a) are now moot.") (collecting cases); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (citations omitted) ("[I]f sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."). This is because "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If custody is presently authorized, habeas relief is unavailable even if the initiation of detention was unlawful.

ORDER - 4

Here, Respondents contend detention is lawful under 8 U.S.C. § 1231 to effect Petitioner's removal based on a final removal order. Petitioner does not challenge that basis for detention, but argues the length of detention has become indefinite and, thus, unlawful under *Zadvydas*. Accordingly, the Court turns to the *Zadvydas* claim.

**B.   *Zadvydas* Claim**

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize postremoval-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 689, 699. The Court adopted a presumption that detention up to six months after the removal order becomes final is reasonable when it is related to effectuating removal. *Id.* at 701. "After this six-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* If removal is not reasonably foreseeable, "continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained for approximately five months, less than the presumptively reasonable period. Petitioner argues that the 90-day mandatory detention pursuant to § 1231(a)(2) has lapsed, either in 2018 when the removal order became final or, at the latest, after three months of the present detention. (Dkt. # 1 at 10.) She does not, however, address the six-month presumptively reasonable period under *Zadvydas*.[2] Because the length of detention has not exceeded the presumptively reasonable period, habeas relief is unavailable.

---

[2] This Court recognizes that some courts have "granted *Zadvydas* relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable." *D.S. v. Hernandez*, 2026 WL 1408517, at *3 (W.D. Wash. May 20, 2026). Even if the Court were to adopt and apply that heightened standard here, Petitioner has not met it. Despite the opportunity to submit additional briefing, neither party submitted concrete information about how long Petitioner's motion to reopen is likely to remain pending and the stay of removal to remain in effect, or about the likelihood that Respondents could obtain a new passport for her after the current passport expires in September. The

ORDER - 5

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1) without prejudice.

Dated this 23rd day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

initial burden rests with Petitioner to show that removal is not reasonably foreseeable, and she has not carried that burden.

ORDER - 6