UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMANJEET KAUR,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

Case No. C26-1914-MLP

ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration (dkt. # 15) of the Court's Order (dkt. # 13) denying her petition for writ of habeas corpus. Petitioner contends the Court erred by failing to recognize that she "challeng[ed] the legal basis and procedures used to initiate her detention[.]" (Dkt. # 15 at 3.)

In her petition and traverse, Petitioner challenged the *initiation* of her detention but did not challenge the statutory basis for her ongoing detention. Because she is subject to a final order of removal, her present detention is governed by 8 U.S.C. § 1231, and she expressly asserted that her ongoing custody is governed by § 1231(a)(6). (*See* dkt. ## 1 at 8 ("Ms. Kaur was effectively living in the community on post-order supervised release pursuant to 8 U.S.C. § 1231(a)(6)"), 9 at 3 ("her nearly eight year release under an OSUP was governed by 8 U.S.C. § 1231(a)(6)"), 15

at 4 ("From the outset, Petitioner argued that her nearly eight year Order of Supervision constituted discretionary post removal release under 8 U.S.C. § 1231(a)(6)").) Rather than disputing § 1231 as the legal basis for detention, she raised two narrower claims: (1) that the revocation of her release violated due process, and (2) that the length of her detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Dkt. ## 1 at 8-11, 9 at 2-8.) The Court explained that, even if Petitioner prevailed on her due process claim and the Court found that revocation of release was unlawful, habeas relief would not be available if her present detention is otherwise authorized. (Dkt. # 13 at 4-5.) Because Petitioner did not challenge § 1231 itself, the only remaining issue was her *Zadvydas* duration claim, which the Court analyzed and found unripe. (Dkt. # 13 at 5.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Petitioner has not met that standard. Accordingly, Petitioner's Motion for Reconsideration (dkt. # 15) is DENIED.

Dated this 28th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge